UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
NODIFY, INC.,

                                                                        Plaintiff,

        -against-

FRANK KRISTAN, and UNITIV, INC.

                                                     Defendants.
------------------------------------------------------------------------ X

For Online Publication Only

**ORDER**
17-CV-2201 (JMA)(GRB)

FILED
CLERK
1/11/2018 2:38 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Nodify Inc. ("Nodify") commenced this action on April 11, 2017, filing a complaint asserting claims for breach of contract and fraud, among others, against pro se defendant Frank Kristan ("Kristan") and defendant Unitiv, Inc. ("Unitiv", collectively "Defendants").

Before this Court are various motions filed by Kristan: (1) a motion to dismiss all claims in the complaint ("Motion to Dismiss"); (2) a motion to stay all discovery in the case ("Motion to Stay Discovery"); and (3) a motion to disqualify plaintiff's counsel James A. Powers ("Motion to Disqualify Counsel").

    A. **Motions to Stay Discovery and Disqualify Counsel**

Kristan's Motion to Stay Discovery is hereby DENIED. The Court notes that Unitiv, which appeared in the case and filed an answer on April 19, 2017, has not moved to dismiss the complaint. As discovery will proceed against Unitiv, the Court will not permit discovery to be stayed against Kristan.

The Motion to Disqualify Counsel is hereby DENIED without prejudice. Kristan is permitted to renew his Motion to Disqualify Counsel, if appropriate, once a trial date is scheduled in this case.

1

B. **Motions to Dismiss**

For the reasons stated below, Kristan's Motion to Dismiss is DENIED in part. In his Motion to Dismiss, Kristan seeks to dismiss the Complaint on three grounds: (i) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); (ii) improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); and (iii) failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Motion to Dismiss.) For the reasons set forth below, Kristan's motions to dismiss for lack of personal jurisdiction and improper venue are hereby DENIED. The Court reserves decision on Kristan's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), which will be addressed in a separate order.

1. **Personal Jurisdiction**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant[s]." Allied Dynamics Corp. v. Kennametal, Inc., 965 F. Supp. 2d 276, 287 (E.D.N.Y. 2013) (citing Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). However, prior to discovery, a plaintiff "need only make a prima facie showing of jurisdiction through its own affidavits and supporting materials to defeat the motion." Id. (quoting Welinsky v. Resort of the World D.N.V., 839 F.2d 928, 930 (2d Cir. 1988)). "[T]he pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be resolved in plaintiff's favor." Id. (citing DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 85 (2d Cir.2001)).

In "diversity or federal question cases the court must look first to the long-arm statute of the forum state, in this instance, New York." Tianbo Huang v. iTV Media, Inc., 13 F. Supp. 3d 246, 254 (E.D.N.Y. 2014) (quoting Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)).

"If the exercise of jurisdiction is appropriate under that statute, the court must then decide whether such exercise comports with the requisites of due process" under the Fourteenth Amendment to the Constitution. Id.

Under New York C.P.L.R. § 302 ("Section 302"), there are two bases for personal jurisdiction over out-of-state defendants. Under Section 302(a)(1) "a court may exercise personal jurisdiction over any non-domiciliary. . .who in person or through an agent. . .transacts any business within the state or contracts anywhere to supply goods or services in the state" when plaintiff's claim arises from that transaction. See SAS Grp., Inc. v. Worldwide Inventions, Inc., 245 F. Supp. 2d 543, 550 (S.D.N.Y. 2003). Under Section 302(a)(2), a court may also exercise personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." The statute permits jurisdiction "only over a defendant who has purposefully availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." Allied Dynamics Corp., 965 F. Supp. 2d at 291 (quoting Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000)).

Plaintiff has adequately alleged a prima facie case of personal jurisdiction under Section 302(a)(1) with regard to its tort claims against Kristan. Plaintiff alleges that Kristan legally controls Unitiv, a Georgia corporation that services high technology companies, and represented Unitiv in its dealings with Nodify, a New York Corporation located in Sayville, New York, which develops and sells smartphone data collection and marketing services. (See Complaint ¶¶ 8-21.) Kristan allegedly solicited work from and with Nodify on funding and other opportunities in early 2016, eventually selecting Unitiv to transact with Nodify. (See Affidavit of Robert Bente ("Bente Aff.") ¶¶ 10-31.) Unitiv and Nodify entered into a funding agreement (the "Funding Agreement") in 2016, pursuant to which Unitiv was to provide Plaintiff with $250,000 in funding, $125,000 of

which was to come from a hedge fund, TCA Global, with offices in New York, and with which Unitiv was working on a financing arrangement. (Complaint ¶¶ 13-16, Bente Aff. ¶¶ 11, 26.) Plaintiff's tort claims for fraud and fraudulent inducement, misappropriation and conversion, unjust enrichment and civil conspiracy arise out of plaintiff's allegations that while Unitiv received the funds intended and earmarked for Nodify from TCA Global, Kristan diverted these funds for his own personal use, including to release a lien on his home. (See Complaint ¶¶ 56-81; Bente Aff. ¶¶ 20-21, 43-49.)

It appears that the parties entered into another agreement executed by Kristan, governed by New York law and providing for jurisdiction in New York. A March 2, 2016 agreement between Nodify and Unitiv, executed by Kristan, provides, in part, for Unitiv to be a reseller of Nodify's software. That agreement includes a New York choice of law clause and a New York forum selection clause, providing that the agreement "shall be governed by…the laws of the State of New York" and that "[j]urisdiction and venue for all purposes shall be in the County of Suffolk, State of New York…with exclusive and sole jurisdiction…being in the state and federal courts situated in Suffolk County, New York…" (See Bente Aff., Ex. B, the "Reseller Agreement" ¶ 25.) A January 31, 2017 amendment to the Reseller Agreement, also executed by Kristan, references Unitiv's inability to perform its obligations under the Funding Agreement and provides for a resolution of the parties' dispute with a monthly payment plan for Unitiv. This amendment also appears to be governed by the jurisdiction and venue clause of the Reseller Agreement. (See Defendant's Answer to Plaintiff's Opposition to Motion to Dismiss ("Kristan Reply"), Ex. A (the "Amendment") ¶¶ 1-4.) These clauses further weigh in favor of a finding that personal jurisdiction exists as to Kristan.

Accordingly, Plaintiff has properly alleged that Kristan transacted business within New York, and that Plaintiff's tort claims against Kristan arose from that transaction. Kristan is therefore subject to personal jurisdiction under Section 302(a)(1) for Plaintiff's tort claims.

The Court's exercise of jurisdiction over Kristan further comports with the Due Process Clause of the Fourteenth Amendment, which requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Kristan's transactions with a New York company and execution of agreements containing New York choice of law and forum selection clauses are sufficient to satisfy the "minimum contacts" inquiry of the due process analysis. If these allegations are proven, "it would have been reasonably foreseeable" to Kristan that he "would be subjected to suit in New York State." Allied Dynamics Corp., 965 F. Supp. at 296. The Court further concludes that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and is thus reasonable under the Due Process Clause. Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102, 113 (1987).

2. **Venue**

The Court now turns to Kristan's motion to dismiss for improper venue. Kristan argues that New York is not a convenient forum as he resides in Charleston, South Carolina, (Defendant Reply ¶ 5). On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." French Transit v. Modern Coupon Sys., 858 F. Supp. 22, 25 (S.D.N.Y. 1994). A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). While the plaintiff bears the burden of establishing

that venue is proper, "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]." Id. (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)). "The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion." Blauschild v. Tudor, 31 F. Supp. 3d 527, 530 (E.D.N.Y. 2014). In determining whether venue is proper, the court "must view all facts in the light most favorable to the plaintiff." Cold Spring Harbor Lab., 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)). Accordingly, the "court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." Id. (quoting Matera v. Native Eyewear, Inc., 355 F.Supp.2d 680, 681 (E.D.N.Y.2005)).

> Under 28 U.S.C. § 1391
>
> [a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff alleges in its complaint that venue is proper "because the overwhelming majority of the events giving rise to this dispute occurred within this District and because Unitiv conceded to this venue and forum." (Complaint ¶ 7.) Plaintiff has pled facts sufficient to demonstrate that venue is proper in this district. As noted above, in addition to Kristan executing agreements consenting to venue in Suffolk County, New York, Kristan transacted with Nodify, a New York company, and allegedly diverted funds intended for Nodify, which were received from a hedge fund with offices in New York.

For the reasons stated above, Defendant Kristan's motions to dismiss for lack of jurisdiction and improper venue are DENIED.

**SO ORDERED.**

Date: January 11, 2018
Central Islip, New York

$\qquad$ /s/ (JMA) $\qquad$
Joan M. Azrack
United States District Judge