UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NODIFY, INC.,

                Plaintiff,

      -against-

FRANK KRISTAN, and UNITIV, INC.

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

ORDER
17-CV-2201 (JMA)(GRB)

FILED
CLERK
10/11/2018 10:52 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Plaintiff Nodify Inc. ("Nodify") filed this action against against pro se defendant Frank Kristan ("Kristan") and defendant Unitiv, Inc. ("Unitiv", collectively "Defendants"), alleging claims for breach of contract, fraud, fraudulent inducement, misappropriation, conversion, unjust enrichment, restitution, civil conspiracy, and violations of New York General Business Law. Now before the Court is Kristan's motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, Kristan's motion to dismiss is DENIED.

### I.    BACKGROUND

    On April 11, 2017, Kristan filed: (1) a motion to dismiss all claims in the complaint; (2) a motion to stay all discovery in the case; and (3) a motion to disqualify plaintiff's counsel James A. Powers. On January 11, 2018, this Court issued an Order (the "1/11/2018 Order") denying Kristan's motion to stay discovery, motion to disqualify counsel, and motions to dismiss for lack of personal jurisdiction and improper venue. The Court reserved its decision on Kristan's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and indicated that this motion would be addressed in a separate order. (See 1/11/2018 Order at 1-2.)

1

## II.  DISCUSSION

### A. Standard of Review

On a motion to dismiss under Rule 12(b)(6), the Court takes the complaint's factual allegations to be true and draws all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). That principle, however, is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

In reviewing a motion to dismiss, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Heckman v. Town of Hempstead, 568 F. App'x 41, 43 (2d Cir. 2014).

### B. Kristan's Motion to Dismiss

In his motion, Kristan argues in relevant part that: "Plaintiffs claims are the same claims that they made prior to the parties signing a settlement agreement … Plaintiffs admit that a settlement agreement has been signed by the parties. There are no claims that are not addressed in the action including agreed actions upon failure of parties to perform under the agreement." (ECF No. 8 at 3.)  In his reply, Kristan reiterates this argument, contending that the purported

2

settlement agreement "specifically states the actions to be taken by the parties, in the event of default, being the entry of a default judgment against Unitiv, Inc. The reason for the amendment was to resolve the dispute between the parties, without the need for litigation … It provided for default under the Settlement Agreement." (ECF No. 20 at 2.) Attached to Kristan's reply is a document entitled "Amendment to Agreement," dated January 31, 2017 which purports to be an amendment to the March 2, 2016 Nodify-Unitiv Reseller Distribution and Support Agreement. (See ECF No. 20 at Ex. A. (the "Amendment").) However, while Kristan appears to have signed this Amendment, he appears to have done so in his capacity as Unitiv President. The Amendment does not appear to concern Kristan in his individual capacity, nor does it release any claims against him. The Court further notes that plaintiff has not alleged a breach of contract claim against Kristan. Further, Kristan raises no other arguments as to why any of plaintiff's claims against him should otherwise be dismissed.

Kristan's motion to dismiss is hereby DENIED. If appropriate, Kristan may raise any relevant arguments concerning plaintiff's claims on summary judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Date: October 11, 2018
Central Islip, New York

                                                         /s/ (JMA)
                                                   Joan M. Azrack
                                                   United States District Judge