UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
NODIFY, INC.,

                Plaintiff,           **REPORT & RECOMMENDATION**
                                                              **17 CV 2201 (RRM)(LB)**

  -against-

FRANK KRISTAN and UNITIV, INC.,

                Defendants.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Nodify, Inc. ("Nodify") brought this diversity breach of contract action against defendants Frank Kristan and Unitiv, Inc. in April 2017. Despite the Court's explicit warning in January 2020, ECF No. 80, plaintiff has failed to retain counsel. Accordingly, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

        Plaintiff filed this action on April 11, 2017, ECF No. 1, and the case was reassigned to the me for all pretrial supervision on March 25, 2019. ECF No. 49. The Court held three conferences in this case and set the parties' discovery and case management deadlines. ECF Nos. 53, 60, 77.

        On November 16, 2019, plaintiff's counsel, James Powers, reported that he "must withdraw from this case because of the impending suspension of [his] license to practice law" and requested that the Court grant Nodify forty-five days to seek new counsel. ECF No. 78. The Court ordered Mr. Powers to comply with Local Rule 1.4, renew his request, and to confirm Nodify's mailing address by December 4, 2019. ECF No. 79. Mr. Powers failed to comply with the Court's Order.

        Mr. Powers was suspended from practicing law in New York on November 23, 2019.[1] See New York State Unified Court System's Attorney Search, https://iapps.courts. state.ny.us/attorney/AttorneySearch (search James Aloysius Powers) (last visited Jan. 15, 2020, 11:45 a.m.). In light of Mr. Powers's suspension, I ordered Nodify to retain new counsel by

---

[1] Mr. Powers was disbarred on March 16, 2020. See New York State Unified Court System's Attorney Search, https://iapps.courts. state.ny.us/attorney/AttorneySearch (search James Aloysius Powers) (last visited Apr. 15, 2020, 3:50 p.m.).

1

February 14, 2020 as a corporation cannot appear *pro se* in federal court ("January 15 Order").[2] ECF No. 80. The Court's Order explicitly warned Nodify that if it failed to retain counsel by February 14, 2020, I would recommend that this case should be dismissed. Id. To date, no attorney has entered an appearance on behalf of Nodify, nor has Nodify contacted the Court to request more time to retain an attorney.

## DISCUSSION

"If [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," Rule 41 authorizes the district court to dismiss the action. Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citation omitted). A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. LeSane, 239 F.3d at 209–10 (citation omitted). As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor. Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

The LeSane factors strongly weigh in favor of dismissal. Despite the Court's January 15 Order clearly stating that a corporation may not proceed *pro se* in federal court, Nodify has not retained counsel. ECF No. 80 (quoting Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007) (holding that a layperson may not represent a "separate legal entity" such as a corporation) and Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006) ("[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel[.]")); see also Capstone Equity LLC v. CPS Grp. Inc., No. 12 Civ. 4214 (KPF)(HBP), 2013 WL 3872081, at *3 (S.D.N.Y. July 26, 2013) (dismissing corporate plaintiff's case for failure to retain counsel after two-and-a-half months). Next, Nodify was on notice that failure to comply with the Court's January 15 Order to retain counsel would result in dismissal of this action. ECF No. 80; see

---

[2] Despite Mr. Powers not responding to the Court's previous Order, the Clerk of Court sent the January 15 Order to Nodify at the address listed with the New York State, Department of State, Division of Corporations: 132 Clyde Street, West Sayville, New York, 11796.

2

Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.") (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999)). Furthermore, the Court may presume prejudice to defendants due to Nodify's conduct. Shannon, 186 F.3d at 195 (citation omitted); Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984 at *3 (S.D.N.Y. Nov. 8, 2000) ("Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit.").

Although the fourth factor weighs in plaintiff's favor as there is no "compelling evidence of an extreme effect on court congestion[,]" LeSane, 239 F.3d at 210 (citation omitted), this factor does not outweigh the other factors to tip the scale.

The final factor, much like the rest, weighs in favor of dismissal. Further warnings are futile as the Court presumes Nodify understood the consequences of its failure to comply with the Court's January 15 Order to retain counsel. No lesser sanction would likely be effective and dismissal at this juncture is appropriate.

Although a Rule 41(b) "dismissal is a harsh remedy and is appropriate only in extreme situations[,]" Antonios, 2000 WL 1677984 at *2 (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)), Nodify's failure to prosecute over the last several months demonstrates that it has abandoned the action. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure Rule 41(b). See Capstone Equity LLC, 2013 WL 3872081, at *3 (collecting cases dismissed for corporate plaintiffs' failure to retain counsel).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985). The Clerk of Court shall send a copy of this Report to plaintiff at 132 Clyde Street, West Sayville, NY 11796 by first-class mail.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 17, 2020
      Brooklyn, New York